**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF PENNSYLVANIA**

---

ATHENA LUNDBERG, BROOKE MARRIN a/k/a BROOKE BANX, CORA SKINNER, DENISE MILANI a/k/a DENISE TRLICA, HILLARY FISHER VINSON a/k/a HILLARY HEPNER, IRINA VORONINA, KIMBERLY COZZENS, JAIME EDMONDSON-LONGORIA, JENNIFER ARCHULETA, JESSICA BURCIAGA, JESSICA ROCKWELL, MALU LUND, a/k/a MASHA LUND, LUCY PINDER, PAOLA CANAS, SARA UNDERWOOD and TIFFANY TOTH GRAY,

        Plaintiffs,

- against -

ONE THREE FIVE, INC. and ALBERT BORTZ,

        Defendants.

Case No. 19-cv-692-CRE

**DECLARATION IN SUPPORT OF PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT**

---

**JOHN V. GOLASZEWSKI**, hereby declares, pursuant to 28 U.S.C. § 1746, the following under the penalties of perjury:

    1.    I am a member of the Casas Law Firm, P.C., counsel for plaintiffs ATHENA LUNDBERG, BROOKE MARRIN a/k/a BROOKE BANX, CORA SKINNER, DENISE MILANI a/k/a DENISE TRLICA, HILLARY FISHER VINSON a/k/a HILLARY HEPNER, IRINA VORONINA, KIMBERLY COZZENS, JAIME EDMONDSON-LONGORIA, JENNIFER ARCHULETA, JESSICA BURCIAGA, JESSICA ROCKWELL, MALU LUND, a/k/a MASHA LUND, LUCY PINDER, PAOLA CANAS, SARA UNDERWOOD and TIFFANY TOTH GRAY (collectively, "Plaintiffs") in the above-referenced action. I submit this Declaration in support of Plaintiffs' motion for a default judgment against ONE THREE FIVE, INC. d/b/a Blush Gentlemen's Club (collectively, "Defendants").

2.  This action was commenced on or about June 13, 2019 17, 2018 by Plaintiffs filing of their Complaint against defendants ONE THREE FIVE, INC. and ALBERT BORTZ (Dkt. 1).

3.  On or about October 10, 2019 defendant ONE THREE FIVE, INC. ("Defendant") was served with the summons and complaint. (Dkt. 9).  Defendant's time to answer or otherwise move against the complaint was October 31, 2019. (*Id.*)

4.  Defendant did not answer or otherwise move with respect to the Complaint, did not seek an extension of their time to answer or otherwise move, and their time to answer or otherwise move has expired.

5.  As detailed in the Complaint, Defendant is indebted to Plaintiffs for the misappropriation and publication of certain images of Plaintiffs, each of whom are well-known professional models, in order to promote their strip club, Blush Gentlemen's Club ("Blush").

6.  After misappropriating Plaintiffs' images, Defendants then altered these photos, and published them on Blush's social media accounts in order to attract patrons to Blush, and thus benefit commercially from their misappropriation.

7.  Due to said misappropriation, alteration and publication, Plaintiffs are entitled damages relating to their claims under section 43 of the Lanham Act, 28 U.S.C. § 1125(a)(1), which prohibits both false or misleading representations of fact in commercial advertising and the false or misleading use of a person's image for commercial purposes; violation of each Plaintiff's common law right of privacy as pertains to Defendants' appropriation of their likeness; violation of Pennsylvania's statutory right of publicity, 42 Pa. Cons. Stat. § 8316; defamation; and, various common law torts, including conversion.

8. On or about January 24, 2020, upon request from Plaintiffs' counsel, the Clerk of the Court for the Western District of Pennsylvania issued a Certificate of Default for Defendant. (Dkt. 12).

9. As such, Plaintiffs respectfully submit that Defendant's liability has been established. *See Eastern Elec. Corp. of New Jersey v. Shoemaker Const. Co.*, 652 F.Supp.2d 599, 605 (E.D. Pa. 2009) ("Once a default judgment has been entered, the well-pleaded, factual allegations of the complaint, except those relating to the damage amount, are accepted as true and treated as though they were established by proof." (citations omitted)).

10. As to Plaintiffs' damages, submitted herewith as Exhibit A is the Declaration of Stephen Chamberlin, a modeling industry expert hired by Plaintiffs to evaluate Plaintiffs' damages relating to Defendants' misappropriation, alteration, and publication of their Images.

11. As set forth in Mr. Chamberlin's expert report (the "Report"), which is annexed to his Declaration, Mr. Chamberlin was hired to evaluate and value retroactively the compensation each Plaintiff would and should have received for the use of her images by Defendants.

12. As further detailed in his Report, Mr. Chamberlin has opined that such actual damages -- which are based upon a fair market value analysis and are exclusive of disgorgement of profits and/or special, consequential, exemplary or punitive damages -- total $610,000.

13. Mr. Chamberlin provides in his report the basis of his valuation opinion as to each Plaintiff, and includes modeling contracts, releases, and other earnings information to support said opinion.

14. In addition, liability having been established under, *inter alia*, the Lanham Act, 15 U.S.C. § 1125(a), *et seq.*, Plaintiffs are entitled to an order permanently enjoining Defendants from using Plaintiffs' Images to promote Blush.

15. In addition, liability having been established under, *inter alia*, the Lanham Act, 15 U.S.C. § 1125(a), *et seq.*, Defendants owe Plaintiffs the costs and disbursements incurred in the prosecution of this action, including reasonable attorneys' fees.

16. Annexed as Exhibit B is Plaintiffs' counsel's time records, which shows the total amount of fees and costs incurred by Plaintiffs' counsel in this action is $5,297.80.

17. Annexed as Exhibit C is the expert costs relating to Mr. Chamberlin's retention, which total $8,800.

18. Submitted herewith as Exhibit D is a proposed default judgment plus statement of damages.

19. I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief, that the relief requested is justly due Plaintiffs, and that no part thereof has been paid.

Dated: New York, New York
February 7, 2020

/s/ John V. Golaszewski
John V. Golaszewski

<u>CERTIFICATE OF SERVICE</u>

      I hereby certify that on this 7th day of February, 2020, the foregoing was electronically filed with the U.S. District Court Clerk, Western District of Pennsylvania, by using the CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants.

                                                    <u>/s/ John V. Golaszewski</u>

John V. Golaszewski, Esq.
Casas Law Firm, P.C.
1740 Broadway, 15th Floor
New York, New York 10019
Tel: (646) 872-3178
john@casaslawfirm.com
*Attorneys for Plaintiffs*