IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ATHENA LUNDBERG, BROOKE MARRIN, CORA SKINNER, DENISE MILANI, HILLARY FISHER VINSON, IRINA VORONINA, KIMBERLY COZZENS, JAIME EDMONDSON-LONGORIA, JENNIFER ARCHULETA, JESSICA BURCIAGA, JESSICA ROCKWELL, MALU LUND, LUCY PINDER, PAOLA CANAS, SARA UNDERWOOD, and TIFFANY TOTH GRAY, | ) ) ) ) ) ) ) ) ) ) ) ) ) | 2:19-cv-00692 |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| ONE THREE FIVE, INC. and ALBERT BORTZ, | ) ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION**

Before the Court is the Motion to Vacate, Void, Strike, and Open Default Judgment (ECF No. 28) filed by Defendants One Three Five, Inc. ("135") and Albert Bortz ("Bortz") (collectively, "Defendants"). Because this Court has already addressed Bortz's request for relief, *see* Order 1-2, ECF No. 34, the only remaining request for relief is 135's request that this Court vacate the default judgment entered against it and open this matter with respect to Plaintiffs' claims against 135. 135 argues that Plaintiffs failed to properly serve 135 with the Complaint, and that the default judgment entered by this Court is void and must be vacated. *Id.* at ¶ 20. This mater has been fully briefed, and is ripe for disposition.

1

I.   **Background**

As explained by the Honorable Cynthia Reed Eddy in her July 6, 2020 Report and Recommendation in this matter:

> Plaintiffs,[1] who are professional models, filed their complaint seeking injunctive relief, damages, and attorneys' fees and costs on June 13, 2019. [ECF No. 1]. Specifically, Plaintiffs asserted that they were entitled to damages from Defendants pursuant to, *inter alia*, section 43 of the Lanham Act, 15 U.S.C. § 1125(a)(1), because Defendants misappropriated, altered, and published without authorization for use in advertising images of Plaintiffs to promote their "strip club." *See* Compl. [ECF No. 1] at ¶ 1.

Report and Recommendation 2, ECF No. 23.

Plaintiffs filed their Complaint (ECF No. 1) on June 13, 2019. A Summons (ECF No. 8) was issued as to 135 on October 7, 2019. On January 8, 2020, Plaintiffs filed a Proof of Service (ECF No. 9) which states that 135 was personally served on October 10, 2019 at 135 9th Street, Pittsburgh, PA 15222. ECF No. 9. Plaintiffs filed a Request to Enter Default (ECF No. 11) as to 135 on January 22, 2020. The Clerk of Courts entered Default against 135 on January 24, 2020 for failure to plead or otherwise defend. ECF No. 12. Plaintiffs filed a Motion for Default Judgment (ECF No. 16) against 135 on February 7, 2020. Following a June 24, 2020 Hearing on Plaintiffs' Motion for Default Judgment,[2] Judge Eddy filed a Report and Recommendation (ECF No. 23) on July 6, 2020 recommending that this Court grant Plaintiffs' Motion for Default Judgment. On July 22, 2020, this Court entered an Order (ECF No. 24) adopting Judge Eddy's Report and Recommendation as the opinion of the Court and granting Plaintiffs' Motion for Default Judgment, and also issued an Order (ECF No. 25) entering Judgment by Default in favor of Plaintiffs and against Defendants. Defendants filed their Motion to Vacate, Void, Strike, and

---

[1] The Plaintiffs in this case are: Athena Lundberg, Brooke Marrin, Cora Skinner, Denise Milani, Hillary Fisher Vinson, Irina Voronina, Kimberly Cozzens, Jaime Edmondson-Longoria, Jennifer Archuleta, Jessica Burciaga, Jessica Rockwell, Malu Lund, Lucy Pinder, Paola Canas, Sara Underwood, and Tiffany Toth Gray (collectively "Plaintiffs").
[2] Defendants did not appear for the June 24, 2020 Hearing. Report and Recommendation 2, ECF No. 23.

Open Default Judgment on December 4, 2020. Plaintiffs filed a Response in Opposition (ECF No. 32) on December 14, 2020, and Defendants filed a Reply Brief (ECF No. 33) on December 21, 2020.

On January 13, 2021, this Court entered an Order (ECF No. 34) which: (1) found that the Court lacked personal jurisdiction over Bortz at the time it entered default judgment against him; (2) granted the Motion to Vacate as to Bortz; and (3) vacated the default judgment entered against Bortz and opened this matter as to Bortz. Order 1-2, ECF No. 34. The Court's January 13, 2021 Order also scheduled a hearing to address 135's request that the Court vacate, strike, and open the Court's entry of default judgment against 135. *Id.* at 2. The parties ultimately requested that the Court cancel the hearing scheduled by the January 13, 2021 Order, and further requested that the parties instead be permitted to submit supplemental briefing with respect to 135's requested relief. ECF No. 36. On February 10, 2021, the Court entered an Order cancelling the hearing scheduled in this matter for February 11, 2021 and granting the parties' request that each party be permitted to submit a supplemental brief and response thereto. *Id.* 135 filed a Supplemental Brief in Support (ECF No. 37) on February 22, 2021. Plaintiffs filed a Response (ECF No. 39) to 135's Supplemental Brief on March 4, 2021.[3]

## II.     Legal Standard

"On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding" where "the judgment is void." Fed. R. Civ. P. 60(b)(4). A judgment is void "only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." *Union Switch & Signal*

---

[3] The Court notes that the supplemental briefing filed in this matter simply reiterates arguments that had already been advanced by the parties, and the Court will thus rely primarily on the parties' initial briefing in resolving Defendants' Motion.

*Div. Am. Standard Inc. v. United Elec., Radio & Mach. Workers of Am., Local 610*, 900 F.2d 608, 612 n.1 (3d Cir. 1990) (quoting 11 Wright and Miller, *Federal Practice and Procedure* § 2862 at 198–99). "In spite of the [Rule 60(b)'s] permissive 'may,' the law is settled that a court lacks discretion under clause (4): if jurisdiction was absent, the court *must* vacate the judgment as void." *On Track Transp., Inc. v. Lakeside Warehouse & Trucking Inc.*, 245 F.R.D. 213, 215 (E.D. Pa. 2007).[4]

"A federal district court acquires personal jurisdiction over a defendant when the plaintiff serves the defendant with the complaint in a manner specified by Rule 4 of the Federal Rules of Civil Procedure." *Lampe v. Xouth, Inc.*, 952 F.2d 697, 701 (3d Cir. 1991) (citing *Martin v. Delaware Law School of Widener University*, 625 F.Supp. 1288, 1295 (D.Del.1985), *aff'd* 884 F.2d 1384 (3d Cir.), *cert. denied* 493 U.S. 966, 110 S.Ct. 411, 107 L.Ed.2d 376 (1989))). The United States Court of Appeals for the Third Circuit has explained that "[a] default judgment entered when there has been no proper service of the complaint is, *a fortiori*, void, and should be set aside." *Gold Kist, Inc.*, 756 F.2d at 19.

---

[4] The Third Circuit has explained:

> In this court, it is well established that a district court ruling on a motion to set aside a default under Rule 55(c) or a default judgment under Rule 60(b)(1), must consider the following three factors: (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether the default was the result of the defendant's culpable conduct. In this case, the district court failed to follow this format. However, it is not necessary for us to resort to an analysis of those factors in this case because they apply only when the default judgment was authorized and the only question before the district court is whether to exercise its discretion to set aside the default. Obviously, if the default judgment was improperly entered, the district court erred as a matter of law in refusing to set it aside. We have found that because the time for filing an answer had not expired, and because there is no evidence that the complaint was properly served, the default and the default judgment were improperly entered.

*Gold Kist, Inc. v. Laurinburg Oil Co.*, 756 F.2d 14, 19 (3d Cir. 1985) (citations omitted). If the Court determines that there was no proper service in this matter, this Court must set aside the default judgment entered in this matter, and consideration of the factors set forth in the quoted language of *Gold Kist* would thus be unnecessary. *See Grant St. Grp., Inc. v. D & T Ventures, LLC*, No. CIV.A. 10-1095, 2011 WL 778438, at *1 (W.D. Pa. Mar. 1, 2011) ("If the court finds that process was never properly served, then there is no need for further analysis.").

Pursuant to Federal Rule of Civil Procedure 4(h)(1), a corporation can be served: (1) by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made," Fed. R. Civ. P. 4(e)(1); Fed. R. Civ. P. 4(h)(1)(A); or (2) "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant," Fed. R. Civ. P. 4(h)(1)(B). With respect to service on a corporation under Pennsylvania law, Pennsylvania Rule of Civil Procedure 424 provides:

> Service of original process upon a corporation or similar entity shall be made by handing a copy to any of the following persons provided the person served is not a plaintiff in the action:
>
> (1) an executive officer, partner or trustee of the corporation or similar entity, or
>
> (2) the manager, clerk or other person for the time being in charge of any regular place of business or activity of the corporation or similar entity, or
>
> (3) an agent authorized by the corporation or similar entity in writing to receive service of process for it.

Pa.R.C.P. 424. "The burden is on the plaintiff to show that service has been made upon a proper agent of the corporation." *McLaughlin v. Boss Prod.*, No. CIV.A. 15-354, 2015 WL 5971137, at *1 (W.D. Pa. Oct. 14, 2015) (citing *Hemmerich Indus., Inc. v. Moss Brown & Co., Inc.*, 114 FRD 31, 32 (E.D. Pa. 1987)).

### III. Discussion

135 asserts that RCI Hospitality Holdings, Inc. entered into a definitive agreement with the Defendants to purchase the assets of "Blush Gentlemen's Club & Sports Bar", including any related real estate at 135 9th Street, Pittsburgh, PA 15222, from Defendants, and that the agreement

was effective as of October 31, 2018.  Mot. ¶¶ 15-19, ECF No. 24.[5]  135 asserts that Plaintiffs' purported personal service on 135, a corporation, at 135 9th Street, Pittsburgh, PA 15222 was thus attempted at a time, specifically October of 2019, when 135 did not own or operate a business at 135 9th Street, and did not own real estate at 135 9th Street.  *Id.* at ¶¶ 34-35.  135 argues that, accordingly, Plaintiffs failed to properly serve 135, and that the default judgment entered by this Court is void and must be vacated.  *Id.* at ¶ 20.

Plaintiffs, relying on the Proof of Service filed in this matter which states that 135 was personally served on October 10, 2019 at 135 9th Street, Pittsburgh, PA 15222, argue that service was proper in this case because Plaintiffs served 135 at its "registered office."  Resp. in Opp'n ¶¶ 10-13, ECF No. 32.  Plaintiffs assert that the Pennsylvania Department of State's website listed 135 as an active corporation with an address of "135 9th Street, Pittsburgh, PA 15219"[6] as recently as December 13, 2020.  *See id.* at ¶¶10-11.  Plaintiffs argue that, pursuant to 15 Pa.C.S. § 1507(b), it was incumbent on 135 to file a statement of change of its registered office with the Pennsylvania Department of State when the purported sale of its assets at 135 9th Street, Pittsburgh, PA 15222 took place.  *Id.* at ¶ 14.  Plaintiffs argue that, because 135 did not change its address with the Department of State, the address listed on the Proof of Service, i.e. 135 9th Street, Pittsburgh, PA 15222, continued to be a valid location for service of process at the time the Complaint was purportedly served on 135.  *Id.* at ¶ 15.  Plaintiffs also request, should the Court determine that the default judgment in this case should be vacated, that the Court sanction 135 as follows: (1) by

---

[5] Defendants have submitted press releases and articles which indicate that this acquisition was completed, at latest, by November 6, 2018, *see* Reply Ex. A, ECF No. 33, approximately eleven months prior to Plaintiffs' purported personal service on October 10, 2019.

[6] The Court notes that, in quoting 135's purported registered office address as described in Exhibit A of Plaintiffs' Response and as explicitly stated in Paragraph 10 of Plaintiffs' Response, the Court's quotation of the ZIP Code "15219" is not a typographical error.  While Bortz's listed address featured the ZIP Code of "15222" on the Department of State's website, 135's listed address featured the ZIP Code "15219."  *See* Resp in Opp'n Ex. A, ECF No. 32-1.  This issue is not raised or addressed in either party's briefing, and, given the Court's analysis set forth below, is ultimately irrelevant.

requiring 135 to pay the costs and attorneys' fees that the Plaintiffs have incurred in obtaining the default and default judgment in this matter and in responding to Defendants' Motion to Vacate; and (2) by ordering that 135 has waived any statute of limitations defense. *Id.* at ¶¶ 31—34.

Initially, in arguing that service at 135 9th Street, Pittsburgh, PA 15222 must be considered effective, Plaintiffs rely exclusively on the fact that service occurred at 135's "registered office." In support of their argument, Plaintiffs cite to 15 Pa.C.S. § 1507 and to the Superior Court of Pennsylvania's non-precedential decision in *Coleman v. Phoenix Trans, Inc.*, No. 3158 EDA 2013, 2014 WL 10803074 (Pa. Super. Aug. 14, 2014). Resp. in Opp'n ¶¶ 10-17, ECF No. 32. With respect to a corporation's registered office, 15 Pa. C.S. § 1507 provides:

> (a) **General rule**.--Every business corporation shall have and continuously maintain in this Commonwealth a registered office which may, but need not, be the same as its place of business.
>
> (b) **Statement of change of registered office**.--After incorporation, a change of the location of the registered office may be authorized at any time by the board of directors.  Before the change of location becomes effective, the corporation either shall amend its articles under the provisions of this subpart to reflect the change in location or shall file in the Department of State a statement of change of registered office executed by the corporation setting forth:
>
> (1) The name of the corporation.
>
> (2) The address, including street and number, if any, of its then registered office.
>
> (3) The address, including street and number, if any, to which the registered office is to be changed.
>
> (4) A statement that the change was authorized by the board of directors

15 Pa.C.S. § 1507(a)-(b). In *Coleman v. Phoenix Trans, Inc.*, the Superior Court of Pennsylvania quoted the following language from the trial court opinion, with which it agreed, in that matter:

> Appellee served Appellants at a valid address and service of process was not defective as Appellee made personal service [of] the Writs of Summons . . . at Appellants' place of business to an adult that appeared to be in charge at the time pursuant to Pa.R.C.P. 402(a)(2)(iii) and Pa.R.C.P. 424(2).  If Appellee served Appellants at [their] former address . . ., this was caused by Appellants' failure to update their address with the Pennsylvania Department of State Corporations Bureau, the United States Postal Service or the [PPA].
>
> . . . .
>
> [Additionally,] [a]ccording to printouts from the Pennsylvania Department of State's website dated June 13, 2013 and August 6, 2013[,] attached to Appellee's Answer to the Petition as Exhibit E, Appellants never formally notified the Pennsylvania Department of State of their new address.
>
> Therefore, the address where Appellee served Appellants continued to be a valid address for service of process.  *See* 15 Pa.C.S.A. § 1507, notes of decision (When a domestic business corporation fails to officially change its registered address with the Secretary of the Commonwealth, it cannot take advantage of its own default or evasive conduct to avoid time limitations for filing a responsive pleading to service of process) (internal citations omitted).
>
> Moreover, Appellee alleged, and Appellants failed to contradict, that [Appellee] was diligent in attempting to locate and serve Appellants.  Appellee requested and obtained a Box Fee Register Report from the United States Postal Service.  Appellee also confirmed the validity of Appellants' P.O. Box through a Right to Know Request on the [PPA], which regulates Appellants pursuant to 52 Pa.Code § 1011.1., *et seq*.

*Coleman*, 2014 WL 10803074, at *5 (quoting *Coleman v. Phoenix Trans, Inc.* Trial Court Opinion at 6-8).

In a more recent non-precedential Superior Court of Pennsylvania decision, however, the Superior Court, in addressing a plaintiff's argument "that any delay in service was caused by [defendant's] failure to update its registered address with the Corporation Bureau and that [defendant] should not be permitted to benefit from not doing so," explained:

> While we acknowledge that [defendant] did not maintain a current address listing with the Corporation Bureau, this does not explain why [plaintiff] neglected to take any further action to locate them for eighteen months.

8

In any event, the Business Corporation Law of 1988 (BCL) never intended that a "registered office" was to be where service of process was to be made. 15 Pa.C.S. § 1507(a) provides "Every business corporation shall have and continuously maintain in this Commonwealth a registered office which may, but need not, be the same as its place of business.["] The Official Committee Comment to that provision states:

> The registered office location survives under 1988 BCL for only two purposes: to fix the county where a document is to be "officially publish[ed]" as defined in 15 Pa.C.S. § 1103, and for venue purposes under Pa.R.C.P. No. 2179(a)(1). It is not intended that a bare registered office necessarily constitutes the type of operating office contemplated by Pa.R.C.P. No. 2180(a)(2) for purposes of service of process. For example, if a corporation fails to pay the renewal fees of an agent for the provision of registered office service, the agent may file a statement of change of registered office by agent under 15 Pa.C.S. § 108, terminating its status as agent, and thereafter the former agent will "no longer have any responsibility with respect to matters tendered to the office" in the name of the corporation. In view of this possibility, it is assumed that a plaintiff will ordinarily make service on the actual principal place of business of the corporation, wherever situated, in order to minimize the risk of due process defects in the validity of any resulting judgment.

15 Pa.C.S. § 1507(a), Comment.

*Pennsylvania Elec. Co. v. Antoine's Timbering, Inc.*, No. 1889 MDA 2018, 2019 WL 2237051, at *4-5 (Pa. Super. May 22, 2019) (footnotes omitted). As such, the Superior Court of Pennsylvania has more recently explained that the Business Corporation Law of 1988 (BCL), on which Plaintiff relies, "never intended that a 'registered office' was to be where service of process was to be made."

Further, and more importantly, Plaintiffs have not, to date, set forth sufficient evidence that would allow this Court to determine that 135 was properly served with process in this matter. The "Proof of Service" filed by Plaintiffs indicates that the process server served the "Individual," i.e. 135, at an address that 135 no longer occupied. Importantly, 135 is not an individual, but rather a corporation, and there is no evidence of record that identifies *who*, specifically, was served with the Summons and Complaint on behalf of 135 and/or the served individual's relationship to 135,

9

if any.[7] "The burden is on the plaintiff to show that service has been made upon a proper agent of the corporation." *McLaughlin v. Boss Prod.*, No. CIV.A. 15-354, 2015 WL 5971137, at *1 (W.D. Pa. Oct. 14, 2015) (citing *Hemmerich Indus., Inc. v. Moss Brown & Co., Inc.*, 114 FRD 31, 32 (E.D. Pa. 1987)); *see also United States v. Zotter*, No. CIV.A. 11-0002, 2011 WL 1792533, at *1 (W.D. Pa. May 9, 2011) ("The party asserting the validity of service bears the burden of proof on that issue." (citing *Grand Entertainment Group, Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir.1993))). The Court finds that the following excerpt from 135's Reply Brief aptly summarizes the deficiencies of the Proof of Service upon which Plaintiffs exclusively rely:

> The Plaintiffs['] "proof of service" does not identify any individual to whom the Complaint was allegedly personally handed to. Moreover, there is no indication as to the relationship to 135 and/or Bortz. The record is devoid of any evidence that the Complaint was served upon an "officer," "managing or general agent," or "any other agent authorized . . . to receive service of process" on behalf of 135 for purposes of Rule 4(h)(1)(B). Accordingly, Plaintiffs failed to show that they complied with the service requirements of [Rule 4(h)(1)(B)].
>
> For similar reasons, the Plaintiffs also failed to establish that they properly served either Defendant in accordance with Pennsylvania law. Again, the Plaintiffs' "proof of service" does not identify any individual to whom the Complaint was allegedly personally handed to. Moreover, there is no indication as to the relationship to 135 and/or Bortz. There is no evidence of record, from which the Court could have determined that service was effectuated upon an individual specifically authorized to accept service of process on behalf of 135 under the relevant Pennsylvania [R]ules of [C]ivil [P]rocedure.

Reply 5-6, ECF No. 33. The Court finds that Plaintiffs have not, at any point, met their burden of establishing that service was made upon a proper agent of 135, and this alone is sufficient grounds to find that there has not been proper service in this action to date.

---

[7] Plaintiffs aver, for the first time, in their Response to 135's Supplemental Brief that the individual served with process in this matter was a "strip club doorman." Resp. to Supplemental Br. 3, ECF No. 39. Tellingly, Plaintiffs also state that: "[t]he only reason Plaintiffs' process server did not serve One Three Five's agent was because One Three Five violated Pennsylvania law by declining to update its place of business with the Secretary of State such that it could evade service. This they may not do under Section 1507." *Id.* The Court has rejected Plaintiffs' argument respecting 15 Pa.C.S. § 1507, and further notes that Plaintiffs bear the burden of showing "that service has been made upon a proper agent of the corporation." *McLaughlin v. Boss Prod.*, No. CIV.A. 15-354, 2015 WL 5971137, at *1 (W.D. Pa. Oct. 14, 2015) (citing *Hemmerich Indus., Inc. v. Moss Brown & Co., Inc.*, 114 FRD 31, 32 (E.D. Pa. 1987))

In light of the above, Plaintiffs have not established that the Complaint was served on a proper agent of 135, nor can they rely on service on an anonymous person at 135's "registered office" to establish proper service.  Because there is no evidence of proper service of the Complaint in this matter, the Court lacked personal jurisdiction over 135 at the time the Court entered default judgment against 135, and that default judgment is, accordingly, void and should be set aside.  *See Gold Kist, Inc.*, 756 F.2d at 19.  The Court further finds that, given the Court's above-holding respecting Plaintiffs' failure to secure proper service on 135, there is simply no basis for this Court to impose sanctions on 135 at this time.

### IV. Conclusion

For the reasons discussed above, the Court will grant 135's Motion to Vacate, deny Plaintiffs' request for sanctions, vacate the default judgment entered against 135, open this matter as to 135, direct Plaintiffs to serve 135 and Bortz within twenty (20) days of this Court's accompanying Order, and refer the matter to Judge Eddy for further proceedings.  An appropriate Order of Court follows.

BY THE COURT:

s/*Robert J. Colville*
Robert J. Colville
United States District Judge

DATED: April 1, 2021

cc/ecf: All counsel of record