IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ATHENA LUNDBERG, BROOKE
MARRIN, CORA SKINNER, DENISE
MILANI, HILLARY FISHER VINSON,
IRINA VORONINA, KIMBERLY
COZZENS, JAIME EDMONDSON-
LONGORIA, JENNIFER ARCHULETA,
JESSICA BURCIAGA, JESSICA
ROCKWELL, MALU LUND, LUCY
PINDER, PAOLA CANAS, SARA
UNDERWOOD AND TIFFANY TOTH
GRAY,

          Plaintiffs,

    v.

ONE THREE FIVE, INC. and ALBERT
BORTZ,

        Defendants.

:   CIVIL ACTION NO. 2:19-cv—692-CRE
:
:
:
:
:
:
:
:
:
:

## <u>CERTIFICATE PURSUANT TO<br>STANDING ORDER ON RULE 12(b) MOTIONS</u>

AND NOW, come the Defendants, ONE THREE FIVE, INC. ("135") and

ALBERT BORTZ ("Bortz" collectively hereinafter referred to as the "Defendants") and files the

within Certificate as follows:

1.    Pursuant to this Court's Standing Order on Rule 12(b) Motions (Document 4), said

motions "are discouraged ***if the pleading defect is curable by amendment***" (emphasis added).

2.    The Standing Order, further states "that the parties must meet and confer prior to

the filing of such a motion to determine whether it can be avoided."

3.    During the preparation of the Defendants' Motion Dismiss Pursuant to Rule

12(b)(6), it became apparent that the defects in the Plaintiffs' Complaint, could not be cured simply

by the Plaintiffs filing an amended Complaint (i.e. statute of limitations, improper joinder, waiver

and release).

4.      As part of the Defendants' Motion to Exceed Page Limit, the Defendants stated in said Motion, that the defects in the Plaintiffs' Complaint *could not be cured simply by filing an Amended Complaint, including but not limited to statute of limitations, improper joinder and waiver and release*. (See ECF No. 44, ¶ 9).

5.      In addition, Defendants' 12(b)(6) Motion contains a constitutional question that the Lanham Act, as-applied, is unconstitutional as it places an impermissible burden on the Commerce Clause and, therefore*, also cannot be cured by simply amending the Complaint.*

6.      On July 22, 2021, the Defendants' counsel e-mailed Plaintiffs' counsel with respect to the within certification and was informed that he was in depositions all day and could not review and respond to the same, by the end of the day.

7.      In light of the same, counsel requested that he respond on Friday, July 23, 2021, but to date no response or objection has been forthcoming.

Respectfully submitted,

Dated:  July 26, 2021

*/s/ Jonathan M. Kamin*
JONATHAN M. KAMIN, ESQUIRE
PA. I.D. NO.  81958
jonathank@gkgattorneys.com

*/s/ Deborah R. Erbstein*
DEBORAH R. ERBSTEIN, ESQUIRE
PA. I.D. NO. 86470
derbstein@gkgattorneys.com

*/s/ David A. Wolf, Esquire*
DAVID A. WOLF, ESQUIRE
PA. I.D. NO. 51382
davidw@gkgkattorneys.com

GOLDBERG, KAMIN & GARVIN, LLP
1806 FRICK BUILDING
437 GRANT STREET
PITTSBURGH, PA 15219
(412) 281-1119

*Attorneys for Defendants*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on 26th day of July 2021, I served a true and correct copy of the foregoing Certificate Pursuant to Standing Order on Rule 12(B) Motions via **the Court's ECF system** & via E-Mail on the following:

John V. Golaszewski, Esq.
The Casas Law Firm, PC
1740 Broadway, 15th Floor
New York, NY
john@casaslawfirm.com
john@talentrights.law

Louis J. Kroeck, IV, Esq.
12th Fl., Park Building
355 Fifth Avenue
Pittsburgh, PA 15222
Lou@Ljk-law.com

BY: _/s/ Deborah R. Erbstein_
DEBORAH R. ERBSTEIN, ESQUIRE
*Attorney for Defendants*